IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **CLASSIC PARTS OF AMERICA, INC.,** | |
| **Plaintiff,** | |
| v. | Case No.: |
| **TUCKERS CLASSIC PICKUP PARTS d/b/a TUCKERS CLASSIC AUTO PARTS** 7685 Commercial Way, Suite E Henderson, NV 89011 | **JURY DEMANDED** |
| **Defendant.** | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION

COMES NOW Plaintiff Classic Parts of America, Inc. (hereinafter "Plaintiff"), and for its Complaint against Tuckers Classic Pickup Parts d/b/a Tuckers Classic Auto Parts (hereinafter "Defendant"), alleges and states as follows:

### JURISDICTION AND VENUE

1. This claim is brought pursuant to 17 U.S.C. § 101, et seq., (hereinafter referred to as the "Copyright Act" or "Title 17"), 17 U.S.C. § 1202, et seq., (hereinafter referred to as the "Digital Millennium Copyright Act" or "DMCA") and 15 U.S.C. § 1125 and Mo. Rev. Stat. § 417.156.

2. Jurisdiction over the subject matter as well as personal jurisdiction is established pursuant to 28 U.S.C. § 1331 on the grounds that a claim of copyright infringement presents a question of federal law and that federal district courts shall have original jurisdiction of all related civil actions. Jurisdiction is also proper under 28 U.S.C. § 1338 which states that original jurisdiction lies in the federal district courts for any civil action arising under any Act of Congress relating to patents, copyrights, trademarks, etc. Moreover, jurisdiction is proper for the state law claims under supplemental jurisdiction provisions of 28 U.S.C.A. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) inasmuch as a substantial part of the events giving rise to the claim occurred in this district and a substantial part of the property that is the subject of the action is situated here. Defendant is subject to long arm jurisdiction in this district under Mo. Rev. Stat. § 506.500.

**PARTIES**

4. Plaintiff is a registered domestic corporation in good standing in the State of Missouri authorized to conduct all lawful business.

5. Plaintiff is primarily engaged in the business of selling classic truck and auto parts for years between 1947 and 1998 to consumers.

6. Plaintiff conducts much of its business through its website and catalogues, which depict images for thousands of products it offers for sale.

7. These images were all created by Plaintiff.

8. Plaintiff's principle place of business is located in Riverside, Missouri.

9. Upon information and belief, Defendant is a domestic corporation in the State of Nevada that currently has a registration status of "revoked" by the Nevada Secretary of State.

10. Upon information and belief, Defendant is primarily engaged in the business of selling classic truck and auto parts for years between 1947 and 1987 to consumers.

11. Upon information and belief, Defendant's principal place of business is located in Henderson, Nevada, but it conducts business throughout the United States of America and within the State of Missouri.

**INTRODUCTORY FACTS**

12. Plaintiff is a Missouri Corporation engaged in the business of selling classic truck and auto parts to consumers and markets its products through various forms of media, including sales catalogs and through its website www.classicparts.com.

13. Plaintiff is the author and creator of, and at all times relevant to this claim, has been and is now the sole owner of original text, photographs, compilation, editing, and artwork used in its various forms of marketing, and holds all right, title, and interest in the copyrights to the various works filed with the United States Copyright Office.

14. Plaintiff owns rights in and to Literary Work Copyright Registration Number TX000768306 ("www.classicparts.com website").

15. Plaintiff owns rights in and to Literary Work Copyright Registration Number TX0007655471 ("Classic Chevrolet Camaro Parts 1967-69").

16. Plaintiff owns rights in and to Literary Work Copyright Registration Number TX0007632442 ("Classic Chevy & GMC Truck Parts 1947-54").

17. Plaintiff owns rights in and to Literary Work Copyright Registration Number TX0007632427 ("Classic Chevy & GMC Truck Parts 1955-59").

18. Plaintiff owns rights in and to Literary Work Copyright Registration Number TX0007632425 ("Classic Chevy & GMC Truck Parts 1960-66").

19. Plaintiff owns rights in and to Literary Work Copyright Registration Number TX0007632422 ("Classic Chevy & GMC Truck Parts 1967-72").

20. Plaintiff owns rights in and to Literary Work Copyright Registration Number TX0007632421 ("Classic Chevy & GMC Truck Parts 1973-87").

21. Plaintiff owns rights in and to Literary Work Copyright Registration Number TX0007632419 ("Classic Chevy & GMC Truck Parts 1988-98").

22. Plaintiff has not licensed the use or reproduction of any of its materials incorporated in the above registrations to any individual or entity.

23. The above-described copyright registrations owned by Plaintiff are presently valid and subsisting, were valid and subsisting from the moment of their creation, and all conditions precedent to the filing of this suit have occurred.

## CONTEXTUAL FACTS

24. Plaintiff has discovered that Defendant has misappropriated and copied certain original photographs, included within one or more of the above registrations, owned by Plaintiff.

25. Upon information and belief, Defendant is currently using and displaying in excess of Two Hundred Ninety-One (291) original images on their website, and Eighty-Four (84) original images in printed sales catalogs that Defendant distributes.

26. Plaintiff is the sole registered owner of said images.

27. Defendant copied these images either directly from Plaintiff's website or from its catalogues.

28. Defendant has used these images for marketing and promotional purposes within Defendant's catalogues and Defendant's website, www.tuckersparts.com.

## CAUSES OF ACTION

### Count I
### Copyright Infringement

29. Plaintiff incorporates herein by this reference all its statements and allegations contained within ¶¶ 1-28 herein, inclusive, as if though fully set forth.

30. Defendant had access to and copied Plaintiff's photographs and images.

31. Plaintiff did not consent to this copying.

32. Defendant has infringed Plaintiff's copyrights in and to multiple registrations hereinabove described by scanning, copying, reproducing and/or displaying unauthorized copies of original material within the United States of America in violation of the Copyright Act.

33. Defendant's infringements have been committed willfully.

### Count II
### 15 U.S.C. § 1125(a) and Unfair Competition under V.A.M.S. § 417.056

34. Plaintiff incorporates herein by this reference all its statements and allegations contained within ¶¶ 1-33 herein, inclusive, as if though fully set forth.

4

35. Defendant has reproduced, counterfeited, copied or colorably imitated the web pages and catalogues of Plaintiff and have applied such reproduction, counterfeit, copy or colorable imitation to its own labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon or in conjunction with the sale or other distribution in this state of its goods or services.

36. Defendant has used the photographs of Plaintiff with knowledge that confusion will arise from the prospective customers as to the source of the goods sold by Defendant and otherwise intends to cause confusion, mistake or deception among such customers.

37. Such conduct violates 15 U.S.C. § 1125(a), Mo. Rev. Stat. § 417.056 or both.

## RELIEF SOUGHT

38. Plaintiff requests judgment for:

   a. Actual damages from the infringement set out above pursuant to 17 U.S.C. § 504(b) including without limitation the profits attributable to Defendant's infringements, or statutory damages under 17 § U.S.C. 504(c) up to One Hundred Fifty Thousand Dollars ($150,000.00) per work infringed, and

   b. All damages permitted under 15 U.S.C. § 1117 or Mo. Rev. Stat., including without limitation profits, treble damages and attorneys' fees, and

   c. An accounting from all of Defendant's activities in connection with their infringements of its copyrights in and to its sales catalogs and its Internet website, as well as Defendant's gross revenues attributable to their infringement(s) of same, and

   d. Plaintiff's attorneys' fees and court costs associated with bringing this action, and

   e. Treble damages under 15 U.S.C. § 1117, and

   f. All costs, including professional fees and expenses it incurs in this action and

   g. All such other and further relief as this Court deems proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff Classic Parts of America, Inc. respectfully demands trial by jury.

                Respectfully submitted,

                MUSTOE LAW FIRM, LLC

                s/ Steven H. Mustoe
                Steven H. Mustoe, MO Bar No.: 33060
                Daniel A. Sprout, MO Bar No.: 64175
                US Bank Building, 2nd Floor
                5100 W 95th Street, Suite 260
                Prairie Village, KS 66207-3378
                T: 913.440.0004 | F: 913.341.2293
                E: smustoe@mustoelawfirm.com
                ATTORNEYS FOR PLAINTIFF